UNITED STATES of America, Plaintiff—Appellee,

v.

Ronnie COSOM, Defendant—Appellant.

No. 01–50696.

D.C. No. CR–00–01248–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted May 30, 2002.[*]

Decided Sept. 9, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Ronnie Cosom appeals his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Cosom entered a guilty plea conditioned on his right to appeal the district court's denial of his motion to suppress the evidence of cocaine found in his suitcase. He contends that the search exceeded his consent.

Cosom checked a large suitcase at the American Trans Air ticket counter at the Los Angeles International Airport for a flight to Philadelphia. After Cosom had gone about 100 feet, Drug Enforcement Agent King asked for Cosom's consent to search his suitcase and Cosom agreed. King had the suitcase removed from the conveyer belt, and deputies Halpin and Smith initially did not find any drugs inside the bag. They so advised King who told Cosom he was free to leave. After Cosom departed, Halpin searched further and found cocaine in the linings of two leather bags that were inside the suitcase. Cosom was pursued and arrested at his departure gate.

Cosom contends that the search to which he consented was completed when he was told that he was free to leave, and, therefore, the further search was unlawful. The district court found that there was one continuous search and denied Cosom's motion to suppress the evidence.

We review rulings on motions to suppress de novo. *United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1342, 152

L.Ed.2d 245 (2002). A trial court's finding whether a search exceeded the scope of defendant's consent will be upheld unless clearly erroneous. *United States v. Mines*, 883 F.2d 801, 803 (9th Cir.1989).

Cosom cites *People v. Shelton*, 110 Ill. App.3d 625, 66 Ill.Dec. 367, 442 N.E.2d 928 (1983) as support for his contention that the search exceeded the scope of his consent. On October 17, Shelton gave an unlimited consent to search his burned car. It was searched that day and the following day. On October 30, an inspector approached Shelton's house to secure a consent to further search, but when no one was home proceeded to make a further search of the car. The court found that the October 17 consent did not support the October 30 search.

Unlike the facts in *Shelton*, the search of Cosom's suitcase was continuous. The authorization for Cosom to leave did not terminate the consensual search, which lasted approximately five minutes. No one told Cosom the search had ended, and Cosom did not exercise his right to limit or withdraw his consent to the search. *See Mines*, 883 F.2d at 804–05.

In an analogous context, we upheld the denial of a motion to suppress. In *Mines*, the defendant consented to the search of his suitcase at an airport. The officers found a machine gun, picked it up and turned it over to see if it had serial numbers. It had none. The defendant argued that looking for serial numbers exceeded the scope of his consent. We held that the search did not exceed the scope of the consent. Similarly, the continuance of the search of Cosom's suitcase after his departure did not exceed the scope of his consent.

We affirm the district court's denial of Cosom's motion to suppress the evidence of cocaine found in his suitcase.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.